UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

DANA P. BROWN,

      Petitioner,

               **Hon. Hugh B. Scott**

      v.

               11CV582A

               **Order**

NORMAN BEZIO,

      Respondent.

   Before the Court is Petitioner's motion for bail pending determination of his Habeas Petition (Docket No. 21). Petitioner relies in this motion on his allegations in his Petition that his rights were violated, therefore he should be released on bail or on his own recognizance pending the Petition (id., Pet'r Decl. ¶¶ 2-3).

   Two factors must be considered in assessing the propriety of granting bail pending a determination of merits of a Petition for Writ of Habeas Corpus: first, the petitioner must be found to be an exceptionally strong candidate for bail, that is, the risk of flight must be <u>de minimis</u>, and, second, because the presumption of innocence fades upon conviction, and can be of no significance after defendant's appeal has been rejected, the petitioner must raise substantial constitutional claims upon which he has a high probability of success. The petitioner must present both a clear case on the law and a clear, and readily evident, case on the facts.

   The burden upon the petitioner is very high, <u>see</u> <u>Grune v. Coughlin</u>, 913 F.2d 41, 44 (2d Cir. 1990) ("the standard for bail pending habeas litigation is a difficult one to meet"). The Second Circuit has held that "a habeas petitioner should be granted bail only in unusual cases,"

Argro v. United States, 505 F.2d 1374, 1377-78 (2d Cir. 1974), or when "extraordinary or exceptional circumstances exist which make the grant of bail necessary to make the habeas remedy effective," Calley v. Callaway, 496 F.2d 701, 702 (5th Cir. 1974); see Ostrer v. United States, 584 F.2d 594, 596 n.1 (2d Cir. 1978); see also Galante v. Warden, Metropolitan Correctional Center, 573 F.2d 707 (2d Cir. 1977); Mapp v. Reno, 241 F.3d 221, 226 (2d Cir. 2001) (court has inherent power to grant bail to habeas petitioners within their jurisdiction, but such power is limited and should be granted only in unusual cases or when extraordinary or exceptional circumstances exist).

Petitioner here has not met this heavy burden in this case. He has not shown that the Petition raises substantial claims or that extraordinary circumstances exist to make the grant of bail necessary "to make the habeas remedy effective," Grune, supra, 913 F.2d at 44; see Mapp, supra, 241 F.3d at 226. Furthermore, petitioner has not addressed whether he is a risk of flight if bail were granted. Therefore, petitioner's motion for bail (Docket No. 21) is **denied**.

So Ordered.

                                                                    */s/ Hugh B. Scott*
                                                          Honorable Hugh B. Scott
                                                          United States Magistrate Judge

Dated: Buffalo, New York
       March 5, 2012